I'm just going to wait until everybody exits. Okay, Mr. Levy, whenever you are ready. Thank you, Your Honor. May it please the court, my name is Michael Levy and I represent plaintiff appellant Bill Baroni. The Port Authority does not want to pay Bill Baroni's legal fees, that is clear enough. It thinks his conduct in the Bridgegate matter was outside the scope of his employment and it shouldn't have to bear the cost of reimbursing him for successfully defending himself against the resulting criminal charges. That's fine. When the Port Authority wrote its bylaws, it expressly wrote into those bylaws that it would not pay if the underlying conduct was outside the scope of employment. And when plaintiff sought reimbursement of his defense costs, after the Supreme Court reversed his conviction, that's the only reason that the General Counsel gave for rejecting the claim. That is basically the entirety of what this case is and should be about. And if this case is sent back, the Port Authority will be entitled to press its position that Mr. Baroni was acting outside the scope of his employment. But once Mr. Baroni filed suit, the Port Authority decided that it dislikes plaintiff so much that it concocted another argument to disqualify him, one that has no basis in the text of the bylaws. The Port Authority says that an acquitted officer seeking reimbursement of legal fees has to give notice of the judgment of acquittal within five days of its being issued. It claims that that is true even for someone who, like Mr. Baroni, made numerous requests at the outset of the case, timely requests for payment of his legal fees. That's the normal time that an indemnification agreement calls for notification to the indemnitor. But according to the Port Authority, its employees have to navigate a series of secret, paying the fees that they have promised. Well, there are two separate provisions, right, even within Paragraph 7, about the Port Authority's obligation or power, authority, I guess, to pay legal fees. One is in its discretion. It may, consistent with applicable law, provide for defense and then pay costs and then after shall provide for a reimbursement of defense costs upon acquittal or dismissal. Isn't that right? I disagree with that, Your Honor. I think the better reading is that it is one provision. It's all the same sentence. It makes clear. It is all the same sentence at the beginning of Paragraph 7. It begins that the Port Authority may provide for a defense if the individual was acting within the scope of employment. And it continues without... That's just semicolon and then it says provided, however, that it must in other circumstances. Why isn't that a standard carve-out kind of proviso with specific obligations in one circumstance that don't apply in another? It is a single benefit that you request at the outset under the bylaws. And if you look at Paragraph 8, all of the documents that are called for in requesting a defense... Are at the outset. Right. So you had this argument that Paragraph 8 only applies to those paragraphs of the bylaws that is specifically invoking because it doesn't make any sense to say that on the back end you should deliver these initial documents, right? We do. The district court said, well, that ignores the text of Paragraph 8, which seems to apply to all benefits of Article 11. But then the district court kind of says, but it wouldn't make sense if it was just about the documents at the beginning of the proceedings. And so I'm going to require the judgment of acquittal to be delivered, right? And so there's like a strict textualism because Paragraph 8 says that the benefits of Article 11. But then there's a kind of purposive, like we think it just wouldn't make sense if you were just delivering the initial documents in order to get indemnification after an acquittal, right? I agree that that is what the district court did and decided that notwithstanding the text, it wouldn't make sense to allow only at the outset. But as we've explained in our brief, it actually makes perfect sense. So from an outside view, what notice would your client have had of that position based upon looking at the bylaws? No notice at all. And it is really striking that no, you would have to both affirm and publish the opinion on a billboard. The word in that section deals with the outset. And so, you know, there's a word, whatever the word is, an auscultura associus, you assume that they're all together. And if they use, the district judge used a term here, I believe, saying that it related to the outcome and that therefore it should have been noticed. But that's not in the bylaw. You're exactly right, Your Honor. None of that is in the bylaws. Nobody would ever read that and think that they were required to serve the judgment of acquittal. In fact, the terms they summons, complaint, process, notice, demand, or pleading, so these are all terms that are terms of art that are specific documents. And it's also directed at the person, the indemnity, right? It's a complaint against him and so on. So the idea that you're going to interpret the word notice to mean notice to the indemnitor is also atextual. The notice in that list is very clearly the notice of the onset of something based on notice. And did Mr. Barone deliver the indictment to the Port Authority? The Port Authority was delivered the indictment. Did Mr. Barone deliver it? He did not personally deliver it. I'm prepared to address it. He and his lawyers did not, okay. They did not. It is clear that it was delivered. The bylaws speak in the passive voice about it being delivered. It's a notice provision. So he knew it was delivered to them and then he said at the same time, I want identification. He had asked numerous times prior to that from the moment the investigator started. So working in the background of all of this is the state sovereignty mooting question, right, where they say, well, you can't just make inferences in his favor and it needs to be like a preponderance of the evidence standard. I have a couple questions about this. So first, this report told us in Hess that the Port Authority of New York and New Jersey does not share in the state sovereignty. It does not have state sovereignty. So this idea that there's a separate sovereignty, is there any basis for that in what the Supreme Court has said? There is certainly no sovereign immunity for purposes of federal claims. I do believe this court has said. Yes, this court has said it, but I guess my question is, is that consistent with how the Supreme Court has described it? The Supreme Court has said – we've used the term Eleventh Amendment immunity before, but that's a misnomer. In fact, state sovereignty is rooted in the structure of the Constitution. The Supreme Court has been pretty clear that there's one state sovereign immunity that can be waived by the state. So when the – I understand that we have these cases that say that there's some kind of state-based immunity, but the state can make whatever immunity doctrines it wants that apply in state courts. But it's very weird to say that by doing that, it's going to deprive a federal court of subject matter jurisdiction, isn't it? That is true, and we have in fact put in a – I suppose in a footnote in our brief something to that effect. So I guess I have this question. So if I think that those cases don't make a lot of sense, has the Supreme Court made clear that it's no longer good law? Was it just wrong from the beginning? What should one do? I don't – I think the order of the cases is such that the Second Circuit has acted since the Supreme Court. The Second Circuit has acted since Oldham v. Maine, right? But this question about two sovereign immunities came up in the Penn East case recently where Justice Gorsuch in dissent says actually there are two state sovereign immunities. There's one that's based on the Eleventh Amendment and there's one general state sovereign immunity based on the structure of the Constitution. And the majority in that case says, well, that's an interesting theory you have, but it's not the law. Did that clarify this question? I'm not sure, Your Honor. We'd be prepared to brief it if you'd like further briefing. I think our position is the district court got this wrong on sovereign immunity by dragging that into contractual interpretation in any event. Right, so you're saying that even if there's some kind of sovereign immunity overlay, the district court is still supposed to defer to your allegations and you have allegations that you complied with Paragraph 8, right? That's correct, Your Honor. Can I ask why? Is Paragraph 8 different from any other provision of the contract? So like this whole idea of accrual, right? So under the contract you have to deliver these documents and so on, but you also have to be acting within the scope of your employment and be an employee and all these other requirements in order to get indemnification. Why is Paragraph 8 something that has to be done up front? Like why is it different from all the other requirements? Or do you think the district court is just saying basically you have to prove your claim at the outset under a preponderance standard because I think the whole nature of your claim is jurisdictional? I think that's exactly what the district court is thinking, is that the state has only waived immunity over meritorious claims. That is untrue. Right, so as a result you have a complaint and instead of accepting the allegations as true, the district court is saying actually you have to prove it by a preponderance at the outset before we have any discovery. That is exactly right. The Port Authority could have come back with any argument, scope of employment, we partially performed and that was good enough, any of those. And under the district court's logic, that's something that the plaintiff has to disprove by a preponderance at the outset. Otherwise, the notice of claim and waiver of sovereign immunity statute doesn't apply and there's been no waiver. It's not that kind of statute. It's a notice of claim statute. You need to let them know that you have a claim within ten months and file within a year. The idea that you have to prove the merits of your claim. And we would respect, when we're applying state law, we would respect the state statute of limitations and whatever requirements there are for filing a claim, right? But the idea that the state courts have created an immunity in their own courts and that should deprive federal courts of such merit jurisdiction, as I said, it's a weird result, right? It is, Your Honor. I agree. Okay. Thank you very much, Mr. Levy. There's no time for rebuttals, so we'll hear from you again. Let's turn to the appellee, Mr. Neumann. Good morning, Your Honor. May it please the court, Peter Neumann from Wilmer Health for the Port Authority. I want to start by going right to the question of what is the notice requirement here. I think it's any plain reading of the Port Authority's bylaws suggest that there is a notice requirement that is associated with the alleged right to reimbursement, right? Because Article 8 says the benefits of this Article 11 shall be contingent upon delivery of various kinds of documents. So I think it's very clear that that's a notice requirement and that it applies to each and every benefit of Article 11. One of the benefits of Article 11 is a right for post-acquittal reimbursement. So there is a notice requirement. That applies to each and every provision, right, because some paragraphs of the bylaws invoke the requirements of Paragraph 8 and some don't, right? So you could possibly read the bylaws as saying Paragraph 8 applies only to some provisions. And, in fact, a lot of the – I mean all the requirements of Paragraph 8 don't make a whole lot of sense in terms of a post-acquittal request for indemnification because part of it is the full cooperation of the indemnified party in the defense of such action, which you wouldn't have the defense of such action if you're getting post-acquittal indemnification. And the party authority could withdraw such defense in the event it makes a determination that it wants to. But it wouldn't be a question of withdrawing the defense if you're just providing post-acquittal indemnification. I actually think both of those – So logically there's an argument that only applies to some of them. But then you're saying – but the first sentence does say that the benefits of Article 11 are conditioned upon, so we can't make these kinds of logical arguments to get around the text. But then you say, okay, it says someone's complaint process, notice, demand, or pleading. And you're saying it wouldn't make logical sense if we didn't read that to include the judgment of acquittal even though it's not there in the text. So I mean can you have it both ways? Can you say, well, we can't use the logical arguments to get around the text. But then I'm going to adopt a logic argument to say I'm going to read in the phrase judgment of acquittal. Yeah, I don't think we're – I don't think we're trying to have it both ways. First of all, I would disagree with you that Roman at 2 and Roman at 3 wouldn't apply in the post-acquittal – wouldn't have any work to do in the post-acquittal context. Roman at 2 talks about defense not only in that action but in any action or proceeding. And certainly in these kind of contexts you could have both an acquittal and a criminal case and a whole swirl of civil actions. And cooperation would be required in that instance even if the acquittal was complete in order to get the reimbursement. So that would still apply. And withdrawal of defense could still apply, for example, if upon further discovery it was determined indemnification was not required, which might well happen if you developed facts that supported – That's not a withdrawal of defense. That's just a withdrawal of the money, right? Well, I think defense in this context is used throughout to refer to paying for the defense, Your Honor. So I think that's actually a consistent textual reading. I don't want to get bogged down on this point. Let's say that that applies textually. But then if we're applying the text, summons, complaint, process, notice, demand, or pleading are all of the notices of the action that are given to the indemnity. Yeah, I want to go directly to that point, Your Honor. We think the word notice actually fits well here because there is a notice of judgment of acquittal, which is provided to the indemnity. That's the docket entry that follows. Well, there's a judgment of acquittal. The document is not called notice of a judgment of acquittal, right? Well, I think under Rule 49, there's actually an entry on the docket that is the notice of judgment of acquittal. So it actually fits nicely in this case. And that's what was put in the docket? Yeah. Is it on the document itself? It's in the docket. It's in the docket, yes, Your Honor. Not the document. I haven't looked at the document, Your Honor. I'm not sure. Okay, well, you're supposed to produce a copy of something. And all of these lists here are documents of which you would expect to have a copy. Summons, a complaint, process, a notice, demand, or a pleading. That's normally what is provided. But you want to broad the term notice beyond the document to what the recipient gets. Does the recipient have notice? No, Your Honor. I'm sorry. If that came across as an argument, that is not our point. We agree with your reading, Your Honor, that it's a document that goes to Mr. Barone that needs to be provided to the Port Authority. We're not saying- You're saying that he gets something called a notice of judgment of acquittal. Yes, Your Honor. That's not what the district court said, right? The district court said there needs to be notice to the Port Authority and read the word notice to be about notice to the Port Authority, right? That's not the argument that we're making, Your Honor. We're saying- So you think the district court was wrong about that, but you have an alternative argument for- The argument that we've always made, Your Honor, has been that what is required is delivery of the notice of judgment of acquittal. Are you just arguing now that Mr. Barone didn't comply with the bylaws and therefore is not entitled to indemnification on the merits? No, Your Honor. I also want to make just one other point on this, and then I'll come to your question if I may, Your Honor, which is just- We think, by the way, whether you think this only applies to case-initiating documents or whether the judgment of acquittal is part of what needs to be delivered, we think we win either way because, as Mr. Levy acknowledged, they did not deliver the indictment. And we don't- They say we're not required to deliver- The indictment was delivered. Yes, Your Honor. They have to be the ones to deliver it. Because delivery in this passage has two functions. One is to notify the Port Authority of the existence of the action, and the second is to notify the Port Authority that the person is claiming a right under the bylaws. Receipt by the Port Authority accomplishes only one of those things. So if Mr. Barone writes to the General Counsel of the Port Authority and says, I know you've already received the indictment, I want you to understand that I'm making a request for indemnification, you're saying that doesn't count? I would think that might well count, Your Honor. That would be at least substantial compliance. No, Your Honor. The kind of reference that you're describing, that is that after indictment he wrote and said, I want you to understand I'm seeking reimbursement, is not what happened here. What happened here is that before there were criminal charges, and therefore before any rights under Paragraph 7 could have come into being, because Paragraph 7 is only available in a charged case- The Port Authority wrote to him and said you've done everything you need to do in order to make a request for indemnification, right? That's the allegation of his amended complaint, which we take as true for purposes of this proceeding, Your Honor. Right. So the Port Authority thought he had complied at that point. You're right. Maybe if we move to a further stage of litigation, it will turn out that he didn't, I suppose. But isn't that a question for a further stage of litigation? At this stage, don't we credit the allegations of the complaint? Well, I want to be precise about this, Your Honor, because those are allegations that are raised for the first time in the proposed amended complaint, which was after judgment had been entered. And so we are in Rule 5960 territory, not in Rule 15 territory. The district court denied the leave to amend on the ground that it determined that the judgment of acquittal had to be delivered under Paragraph 8. But if we disagree with that, then the district court did not adequately explain why it did not leave to amend. It would have to go back. You could reach the Rule 5960 question. We've preserved and erased it in our appellate briefs, or it could be decided in the first instance by the district court. But our view is that we are in Rule 5960 land because they had an enormous series of opportunities to amend a complaint, to add the allegations that you're referring to, and they didn't add them until after the dismissal. The question about whether they should get leave or not maybe is a different question. But if those allegations were in the complaint, would that be adequate to allege compliance with Paragraph 8? I mean, you're supposed to credit those as true? I don't think so, Your Honor, because what was being asked for, and I'll sort of divide my answer into two parts here. But on our view, picking up on Judge Carney's point, that there are two rights here, right, that there is a right that's in the first half of Paragraph 7, which is a right to sort of ongoing payment of your fees. Right, so you're just saying that Paragraph 8 should operate differently when you do a post-acquittal. That there's a new notice required. There's a new notice requirement. Exactly. Although the language in Paragraph 8 doesn't say that. And isn't it the case also that the Port Authority never took the position that the notice that had been provided was inadequate? It was more, this was not within the scope of your employment. In one letter that's referred to in the complaint, which is the rejection in 2020 of his request for post-acquittal reimbursement, the grounds that are identified in that letter are, it's not within the scope of your employment. That's correct, Your Honor. It's our view that that's not a weaver of the notice argument. Just a little odd that if this is so essential to an indemnification request and obligation to indemnify that it wasn't flagged at the get-go and given him an opportunity to cure whatever might have been deficient. But he had every opportunity to cure whatever had been deficient because we raised this. You know, Judge Schoessl had an elaborate letter writing procedure before motions were filed. We raised this issue then. He had every opportunity to add these allegations if he wished to do so. She has a whole procedure where you're supposed to say, do I want to rely on my complaint or do I want to amend now that I know what the basis for the motion to dismiss were? He chose at that point to rely on his complaint. And now he's saying, oh, I really should have this opportunity to add these new allegations. But he had an argument that paragraph 8 only applied to those when it's specifically invoked, right? That's actually an argument he raised for the first time on appeal, Your Honor. His argument generally, he had some other arguments about paragraph 8, but the specific one you're referring to is new on appeal. If you lose on paragraph 7, then we're back to the one-year requirement, right? Yes. So 7017, I think it is, if I'm remembering the statute correctly, is a one-year requirement. I just want to address — You meant that, right? Well, no, Your Honor, because it's a one-year time period that begins with accrual and ends a year later. Can I ask, why is this about accrual question? So why are the requirements of paragraph 8 different than any other of the requirements in the bylaws? So if you were not acting within the scope of employment or if you were not an employee of the Port Authority, you wouldn't have a claim, right? So you might say his claim didn't accrue because he didn't have a claim. No, in that circumstance — So why is paragraph 8 different from all the other requirements? These arguments are just that he's not entitled to identification because he didn't comply with the requirements of the bylaws, right? Respectfully, no, Your Honor. There's a difference between saying that the claim is not meritorious because, for example, he's not a — wasn't acting within the scope of his duties and saying that the claim hasn't accrued, which is a state law question when accrual occurs. And under the state law, you know, it's our view that accrual, when you have a condition precedent — Well, he made it a man for payment. He made it a man for payment, and the Port Authority refused it. It seems like you have a live dispute, like there really is a controversy between the two parties. The idea that the claim hasn't — I mean, paragraph 8 is not written to say you cannot even make a claim for indemnification until all of these conditions are met. It says getting the benefits under Article 11 requires that you do these things. It also requires everything else in the bylaws, being an employee, acting within the scope of employment and so on. I just don't see why paragraph 8 is something that is done up front about whether a claim accrues and the other paragraphs are substantive requirements. When you say he didn't deliver the complaint or didn't cooperate with us in the defense, aren't you saying he hasn't complied with the bylaws and therefore isn't entitled to indemnification? Your Honor, I think the way accrual classically works in a contract that has a notice condition precedent, and I understand you may disagree as to whether this is such a document, but in our view it is, that the way accrual works is that you need to plead and prove that that condition precedent has been met. And that's the state law rule for when the claim would accrue. And he didn't meet that here because he didn't even plead satisfaction of what we would view as the condition precedent here, which is delivery of the judgment. So we have in the backdrop the state sovereign immunity argument. If there were no state sovereign immunity, would he be able to receive the merit? So I think the state sovereign immunity argument definitely helps us, Your Honor, because in my view it puts a thumb on the scale against waiver of sovereign immunity, which is disfavored. So I think that is a reason- But the district court did not say I'm going to defer to allegations that you comply with paragraph 8. It says I think you need to prove it by a preponderance of the evidence, right? Because it goes to subject matter jurisdiction, Your Honor. That's not what we normally do on a motion to dismiss, right? Well, this is a 12B1 motion, not a 12B6 motion, Your Honor. Well, even when it's a motion for summary judgment, I mean, if you allege- I'm sorry, even if it's about subject matter jurisdiction, if you allege that there's diversity, we accept those allegations as true on a motion to dismiss. But if it's later proved that there's not diversity, then we dismiss it for subject matter jurisdiction. So at this stage, shouldn't we be deferring to the allegations in the complaint? No, I don't think so, Your Honor. I think that at this stage, because we're talking about sovereign immunity and subject matter jurisdiction, the plaintiff has the burden to adequately plead facts that, if true, would establish subject matter jurisdiction. And here, he hasn't pled. What we contend is satisfaction of the condition precedent necessary for the claim to accrue, and therefore for the waiver to take hold. You know, normally accrual is something that helps the plaintiff, right? Somebody says you didn't comply with the statute of limitations, and therefore your claim is barred. And the plaintiff comes back and says, no, but actually I didn't know about my claim until this point in time, and so therefore my claim hadn't accrued. But, you know, here the defendant is using this accrual idea as an offensive weapon against the plaintiff. Isn't that odd? I don't think that's odd.  But I would say that normally you think of sovereign immunity as being waived for claims that are ripe and not being waived for claims that are brought prematurely, which is what we have here. I'm going to go back to my general question about sovereign immunity. The Supreme Court told us in Hess that the Port Authority of New York and New Jersey does not share in the state sovereign immunity and does not have state sovereign immunity, right? No, Your Honor. Hess is an 11th Amendment immunity case, quite explicitly. It's narrower than what you've described. The Supreme Court has said that 11th Amendment, we have called things, the state sovereign immunity, 11th Amendment immunity in prior cases. But the Supreme Court has said that's a misnomer. Actually, the 11th Amendment doesn't do anything on its own but confirms the basic structural premises of the Constitution. And so, in fact, state sovereign immunity is rooted in the structure of Article III and not in the 11th Amendment, right?  The 11th Amendment, not to stand for its precise term, but for the presupposition which it confirms, which is that the states have sovereign immunity based on Article III. This idea that there is 11th Amendment immunity, there's some other kind of state sovereign immunity. The Supreme Court has never said that. It's a bizarre idea. Actually, let me see if I can persuade you otherwise, Your Honor. I see my time is up, but I'm happy to continue. I'm interested in this. Okay. So let me see if I can persuade you otherwise, Your Honor. Two points. First of all, in Hess, the Supreme Court is very focused on whether it would be an insult to the state to have them hauled into federal court this particular entity. And it notes that this particular entity, the Port Authority of New Jersey and New York, has attributes of three sovereigns because it's a compact between two states that's then confirmed by Congress. And it says it would be strange in that context to say that having that entity's fisc attached to the federal court is offensive to the sovereignty of the entity because the entity has a piece that's federal as well as a piece that's state. And so that's a perfectly sensible reason why 11th Amendment immunity might not apply to the Port Authority. But it's not saying the Port Authority doesn't have the attributes of a sovereign. It's, in fact, saying the Port Authority has the attributes of three sovereigns. It is exactly saying that the Port Authority doesn't have the attributes of a sovereign, right? It's saying an entity created through a bi-state compact with the approval of Congress does not share the state's sovereignty. And so, therefore, it doesn't have the same immunity that the states have, right? I actually don't— I mean, the Supreme Court has never said that there are some entities that have state sovereign immunity for one purpose that don't have state sovereign immunity for another purpose, right? Is there any case in the Supreme Court that says anything like that? Well, this court has said in the Boulogne v. Vermont case that we've cited to you that in that case the state of Vermont had waived its 11th Amendment immunity, and the court said it nonetheless had its preexisting— No, I understand that we have these couple cases that say that. I just don't really understand how that's at all consistent with what the Supreme Court has said. So the only time the Supreme Court has talked about there being possibly two sovereign immunities is what I said, which is Justice Gorsuch's dissent in the Penn East case where he says, actually, there's an 11th Amendment immunity, and there's a structural immunity that's rooted in the Constitution, and we should apply both. It's different from what the cases say. But the Supreme Court says the majority in that case says, no, that's not right. We have one sovereign immunity. The 11th Amendment does not do anything on its own but confirms the presupposition that Article III protects the traditional sovereign immunity of the states, right? I would phrase it this way, Your Honor, which is that the 11th Amendment guarantees a certain narrow set of protections related to the larger scope of sovereign immunity, right? Sovereign immunity, as you say, preexists the 11th Amendment. State sovereign immunity preexists and is not limited by the 11th Amendment. Right, so your argument here is based on the idea that the 11th Amendment does something different than the preexisting state sovereign immunity, right? It protects a portion by protecting the state from litigation in federal court that would attach its fisc. That's all the 11th Amendment does. But it doesn't only protect it from litigation in federal court, right? State sovereign immunity protects entities from state claims, right? The 11th Amendment does not. You could not assert an 11th Amendment immunity in state court. It doesn't apply in state court. The 11th Amendment immunity applies only in federal court. In fact, in Hess, one of the things the Supreme Court talks about— States can develop their own immunity doctrines in state court. And since they can consent to suit if they're willing to entertain suits, right, it wouldn't really be a conflict between the federal immunity and what's happening in state court, right? So that becomes complicated. But is it not the case that states, even if they're in federal court, can be sued on state claims by an individual? State in federal court sued by—I'm sorry, Your Honor. Could you just repeat that one again? It's on state sovereign immunity, right? I mean it's not like you'd say it's something different. It's a different immunity. State sovereign immunity is a defense in federal court as well. I guess I understand what you're saying. The state can create whatever immunity rules it wants in its own courts because states control their own forms, right? So if the state of New York wants—or New Jersey wants to define the contours of immunity from suit for the court authority in its own courts, it can do that. But isn't it very weird for these statutes to then—for us to say that that deprives the federal courts of subject matter jurisdiction? No, just the opposite, Your Honor. You don't have the power to do that. Just the opposite. First, I want to differentiate between the state law claims and the federal claims. I think it would be very weird for a federal court to have jurisdiction to hear a state law claim against a state that could not be heard in the state's own courts. I think that would be very weird and squarely contrary to the structure of the Constitution. Well, I'm not sure. I mean it depends on whether the state proceeded in federal court or not. I mean certainly there are some limitations. I mean we have in the sovereign immunity context the idea that when you make FILA claims, the federal statute of limitations applies, not the state one. Like you could have preemption and so on. So oftentimes you can hear cases in federal court that you can't hear in state court. But isn't it weirder to say that there are some entities that are sovereign for some purposes but not sovereign for other purposes? So again, Your Honor, I don't think that's the position that we're taking here. We are saying that the poor authority does have sovereign immunity. There's then a question of whether it has Eleventh Amendment protection in federal court. All right. Why don't you tell me what's the difference between sovereign immunity and Eleventh Amendment immunity? So Eleventh Amendment immunity is a protection against suit for damages in federal court. That's Eleventh Amendment immunity. That's it. Sovereign immunity is much broader than that. It's a defense against litigation, period, in all courts. And Eleventh Amendment immunity comes from where? The plain text of Eleventh Amendment? Well, and how it's been interpreted, Your Honor. That doesn't say anything about damages. Well, how it's been interpreted I've said. The Supreme Court has said over and over again. Eleventh Amendment doesn't do anything on its own. It just confirms the presupposition of the Constitution that the structure of Article III includes sovereign immunity for states, right? Right. But it applies only— But Eleventh Amendment actually does something. There's a difference between Eleventh Amendment immunity and state sovereign immunity. I'm not sure that's what I'm saying, Your Honor. I think what I'm saying or trying to articulate, and perhaps inexpertly, is that the Eleventh Amendment is an implementation for a particular subset of cases of the sovereign immunity that states have as essentially the plan of the convention, right, as the structure of the Constitution. It's an implementation of that. It's not a different immunity. I agree with that. But it's an implementation at a narrow slice, and it doesn't replace the state sovereign immunity such that it's finding by the Supreme Court that the Port Authority doesn't have Eleventh Amendment immunity because it's in part— And so you're saying the Eleventh Amendment—so what the implementation is, is it's about damages claims against states in federal court? Yes, Your Honor. Eleventh Amendment doesn't mention damages claims against states in federal court. That's how it's been interpreted, Your Honor. Well, okay. That goes back to this other question. But anyway, I guess we've kept you for long enough. Thank you very much. Thank you, Your Honor. Mr. Nyman, we'll turn it back to Mr. Levy on rebuttal. Thank you, Your Honor. Turning back to the bylaws, they just don't say what the Port Authority says they say. There is nothing in them, nothing in paragraph 8 that suggests to anybody reading it that a judgment of acquittal at the end of a case would need to be delivered to the general counsel. Either, with respect to reimbursement, they require nothing at all, or— They require nothing at all to invoke the mandatory provision in section 7 that says places an obligation to pay? That is certainly one of our alternative arguments, but in any event, at most what they require is giving notice at the outset. So you didn't deliver the indictment, and they knew about it, so they had notice at the outset. And you're saying that they nonetheless had an obligation under paragraph 7 to pay $4 million of defense costs because there was an acquittal, but you didn't have to tell them anything at any time. You could write a letter consistent with the statute of limitations, the one-year statute in 7107, at your leisure. There was actually more than that here. Just to take a step back for a moment. Upon receiving the first subpoenas in the investigation, Mr. Barone delivered those to the general counsel of the Port Authority. He said, I want to request, I am requesting for all government— They said they were taking this under review, and there were further investigations, and so on and so forth. But he wasn't entitled to have his defense costs paid until there was an acquittal. Isn't that correct? That is correct. But they knew from the moment he asked, and in particular from the moment they said, stop asking. No, I want to know what you told them at the point that he was entitled to reimbursement of expenses, which only occurred in my understanding upon the moment there was an acquittal. There was no—it was not within five days. It was within three months because that's all the notice of claim statute that the Port Authority has required. The Port Authority owes money to lots of people for lots of things. Where does the three months come from? It came from the need to put in a request and remind them that they owed the money. At some point— They didn't— No, no, it was just how do they know to pay us if we don't send them a letter saying we've been acquitted, you owe the money now. The original notice put them on notice. They were free to say no, and they did. They didn't actually say no. They just ignored it and said, stop asking us. You've asked enough times. Stop asking. The only requirement that you had was to let them know within a year. Yes, which is the way the Port Authority handles its affairs with respect to every single person and entity that owes them money. This idea that the district court came up with. But this is not like a supply of boxes. This is a very special kind of request that requires that someone have acted within the scope of their employment and various determinations be made, right? But you say the result is the same. The bylaws place no requirements on how or when an indemnified officer may claim entitlement to post-acquittal reimbursement. How can that be so? It is because there is nothing in the bylaws that says deliver the judgment of acquittal, but we're prepared— Doesn't that Mr. Nieman's argument that actually there is a document called Notice of Judgment of Acquittal, and that is a notice, and therefore it falls under the text of paragraph 8? Well, two things. I had the opportunity to look, and the dismissal order just says dismissal order. It doesn't say notice of dismissal order. The ECF alert, for all I know, says this is notice of the dismissal order, but that's just an electronic alert. It's not anything of consequence. In any event, many things are notices. It cannot be that the drafters of the bylaws were envisioning a judgment of acquittal as being something they were calling for when they wrote the word notice into a list that includes summons. But you're basically saying that there is no requirement of notice other than just to comply with the statute of limitations that's in the statute, and that this, despite the broad language at the beginning of paragraph 7 or paragraph 8, that the benefits of Article 11 shall be conditioned upon delivery of some kind of notice, which one would expect the authority would need for just administrative purposes and budgetary purposes, as well as to consider whether someone active in the scope of their employment was otherwise entitled to indemnification. All of those considerations really just didn't apply at all. Well, the notice of claim statute encompasses all of that. That's why you have to give them 60 days advance notice so they can consider and evaluate the claim, and if they don't get back to you, you have to file suit within a year. And so the Port Authority has a statute that makes sure it doesn't get caught unawares that it owes money. I agree. It is our position that paragraph 8 didn't require any notice, but I want to be clear, we did give notice. There was notice at the outset. Wait a second. Your argument is that actually it doesn't make sense to require the notice of paragraph 8 for post-judgment acquittals. That's your first argument. But you're saying even if we take the first sentence of paragraph 8 seriously and say it applies to all requests for indemnification, we comply. So the idea that it doesn't seem to fit with the requirements for post-acquittal indemnification is your response would be, well, yeah, that's why we think that it doesn't apply at all. But if you're going to require us to comply, we comply because it requires this notice at the outset with these initiating documents. As all indemnity provisions do, the indemnitor wants to know at the outset that there is this claim and that they may be on the hook for it. But just a second. Once again, I come back to looking at paragraph 7, and it's two portions, one of which gives the Port Authority discretion to provide a defense if it finds it's best interest to the authority, and the other that makes it mandatory for the Port Authority to reimburse expenses upon an acquittal. Why does it make sense that just providing the indictment would be sufficient to invoke Part 2? Well, first of all, because that's all paragraph 8 says. Paragraph 8 talks only about- But that isn't what I'm asking, though. I'm just trying to understand. If they have no obligation until an acquittal, why does saying I gave them the indictment, why does that suffice to create the obligation? Because at the moment that they receive a timely notice that the case is underway, they basically have two options, pay now or pay later. They have that notice. They know that. It's not like there are a variety of outcomes in criminal cases. The guy is going to get convicted. He's going to get acquitted, and it's right there in the exact same sentence of the bylaws. When you get notice at the outset, they were free to ignore the request. They were free not to give him his defense up front. It actually makes sense to require notice at the outset, right, because it allows the Port Authority to monitor the whole course of litigation. And if you've already requested indemnification at the outset, it's not a big surprise that if you get acqui- And they deny it. It's not a big surprise that if you get acquitted, you're still going to want indemnification. And when does the Port Authority get to make the determination whether someone was acting within the scope of their employment? I suppose at the time the request comes in or- Of course, the facts aren't really developed by that point. And the Port Authority may want to look, as it did here, about what was done. I think what the Port Authority, in fact, did here, since they were on the law enforcement side of prosecuting Mr. Broney, is they made the determination it wasn't within the scope of employment and they weren't going to pay him. And they're fighting on that ground, and good for them, and we can have a court case about it. But promises to employees that we're going to indemnify you if you act within the scope of your employment, which is the assumption at the moment, since that's what we've pleaded, promises to your employees that we will indemnify you in that situation are not meant to be gotcha games where they come up after the fact with, oh, there was a document that is nowhere listed in the bylaws. You gave us notice. You asked us for a defense. We had the- Did the Supreme Court call this an abuse of regulatory power? It has no bearing on what the Port Authority can or can't do now. The Supreme Court, we would argue, said that this was Mr. Broney exercising his regulatory power in the scope of his employment. In an abusive way, yeah. But we understand that that is going to be what the case is about. And I fully understand that that is why they do not want to pay him. And that's what the case should be. But that's a merits question, right? That's a merits question. It's not an attempt to pull the rug out from not only Mr. Broney, but every current and future employee who will never, never see in this document that they're supposed to deliver a judgment of acquittal. Do you agree with this idea that paragraph 8 is different from the other requirements of the bylaws because it sets out conditions precedent that need to be met in advance, and the other requirements about acting within the scope of employment and being an employee and everything else are different or merits questions? I think that the State of New York has said that paragraph 8 sets up an affirmative defense, that they are free to raise on the merits. I think none of this goes to sovereign immunity in any respect whatsoever. And I think what the district court did wrong is that if you don't prove every element of your claim and overcome the affirmative defenses by a preponderance of the evidence, then your claim has not accrued. And if your claim has not accrued, then they haven't waived sovereign immunity, and you can't even be here. And that just can't be the way it works. If there is a sovereign immunity lurking in the background, would that analysis be correct? Do you need to prove everything up front? No. You need to, under the notice of claim statute, you need to have a claim that is not time barred. That's all it's trying to do is make sure you don't bring up- Would the court authority have the authority to issue bylaws that look like this and that say, and with regard to any criminal proceeding, the notice of acquittal that triggers the obligation to pay has to be provided within a month, say. And if that were clear, and a failure to plead that were, and the complaint seeking indemnification failed to plead that, would you say that was grounds for dismissal on 12B1? Because the state's consent to suit was conditioned upon compliance with this precedent. Sorry, I got a little lost. And I would say- If that had been clear. Right. Yes, on the bylaws, they're entitled to do that. If they want to know within some period of time, they're capable of writing it into the bylaws. They didn't. With respect to Your Honor's question, I would still say that doesn't raise a sovereign immunity issue. That raises an affirmative defense that they are free to raise on the merits, but the merits don't tie to the waiver of sovereign immunity. The waiver of sovereign immunity is about making sure that your claim is not filed too late. You have to make sure that you let them know about it within 10 months, and you have to make sure that you file it within 12 months. You do not have to- So even for their clarity here, you'd say there'd be no grounds to dismiss. There might be grounds to dismiss. No jurisdictional grounds to dismiss. No jurisdictional grounds to dismiss. And we would say no 12B6 grounds to dismiss because it's an affirmative defense and you don't have to plead around affirmative defenses. And even if there were a jurisdictional implication, you know, even for jurisdictional questions, we still credit the allegations of the complaint and the allegations dismissed, right? That's right. So if you plead compliance, even if that were jurisdictional, the court should credit those allegations, right? Yes. So what about this argument that actually the allegations that did compliance were only in your proposed amendment complaint and you shouldn't get to amend because you had many chances to amend before? I mean, Williams speaks directly to that. We didn't have chances to amend before. We had times when they would have thought we should have folded up and done it, and Williams speaks, and in their case, Metzler repeats it,  And Judge Viscozo's rules, by the way, don't say anything to the contrary, nor could they overrule Second Circuit precedent. All they say is if you're going to amend the complaint, in effect, do it before the other side writes a brief. Don't make them go all the way through the effort of writing a brief and then say, actually, we've decided to amend. If you're going to amend your complaint, do it up front. Are you going to amend or are you going to respond? It doesn't say, and you will never again get a chance to amend once you see how I've ruled on this. That's not what her individual rules were meant to do. It's just a way of making sure you don't make the other side waste their effort. We chose to defend because the bylaws don't call for the thing that they're asking for, and there seemed to be uniform agreement that we had done the other thing, and they said it was irrelevant, given notice at the outset. So there was nothing to amend. Mr. Nyman said that this argument that the paragraph 8 doesn't apply except in those narrow circumstances is a new argument that you didn't raise before the district court. Is that right? I think we said in various ways that we didn't think paragraph 8 required anything in our situation. I think we got more nuanced on the idea that paragraphs 2 and 3 are really the only places where it does require anything, but we were clear that our argument was it doesn't require anything at all, and in any event, if it does require anything, it requires what we did at the outset, and in any event, even if it requires the thing they're saying, the general counsel told Mr. Barone's lawyer, you have asked enough times. You have requested enough times. We get it. Stop. In effect, you're annoying us, and now they're turning around and saying, well, actually, you had to do it one more time based on something that's not written into the bylaws. Well, the first answer could have been you have requested the discretionary coverage of your expenses at this early stage. We hear you. We're reviewing that, and then you request again when you believe you're entitled. Why is that unreasonable? I suppose if that is what he had said, I think he would have been reading the bylaws wrong for all the reasons we say, because there is no requirement to give a second notice, but if the general counsel had said we hear you, you're requesting advancement, you're going to have to do it again when you're acquitted, but he didn't say that. He said we understand your request, we've got it, that you've asked a bunch of times, and we're not. Of course, that could be inferred just by the text of Section 7, I guess, but we don't have to pursue this. And at a bare minimum, that's a jury question. Thank you. All right, thank you very much, Mr. Levy. The case is submitted.